IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

      Plaintiff,                  No. CIV S-09-0772 GGH P

    vs.

MIKE MCDONALD, et al.

      Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

Plaintiff names as defendants, in addition to High Desert State Prison (HDSP) Warden Mike McDonald, the following HDSP Appeals Coordinators: Correctional Counselor II (CCII) R. Dreith; CCII T. Robertson; CCII P. Statti. Plaintiff, who describes himself as "a black man," alleges that on March 9, 2009, defendants Dreith, Robertson and Statti denied his 602 inmate appeal "again due to racial discrimination." Complaint, p. 3. Plaintiff contends that the defendants denied (by which he may mean rejected) the undescribed inmate appeal on grounds that it was a duplicate appeal containing the same issue he raised while housed at CSATF[1] on November 27, 2005. Id. Plaintiff states that pursuant to CAL. CODE REGS. tit.xv, § 3084.4(a), upon a determination of abuse of the grievance filing system, an inmate is restricted in the filing of appeals for a six-month period, not for four years. Id. The regulation at issue sets forth that once an inmate has been determined to have abused the prison grievance system by an excessive number of filings:

> the chief, inmate appeals, shall authorize the appeals coordinator to prepare a notice restricting the inmate to one appeal per month for six consecutive months.

CAL. CODE REGS. tit.xv, § 3084.4(a)(3).

The court notes that the provision at § 3084.4(a)(4) immediately following states that:

> Any subsequent violations of the appeal restriction shall result in an extension of the restriction for an additional six month period.

Thus, on the face of it, the undersigned observes, it appears that the initial six-month restriction period can be extended beyond the initial six-month period under certain circumstances.

Plaintiff contends that an inmate has the right to appeal any CDCR[2] decision. In addition to claiming that defendants are violating state regulations, plaintiff contends that the

---

[1] California Substance Abuse Treatment Facility.

[2] California Department of Corrections and Rehabilitation.

3

denials [rejections] of his grievances are racially motivated.  Plaintiff asserts that he, as an African American prisoner, is a member of a protected class and that his equal protection rights under the Fourteenth Amendment are being violated.  Complaint, p. 4.  He asserts that CDCR discriminates against "African American prisoners and other races." Id., at 3.

In the first place, plaintiff's claims are too vague and conclusory.  Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)  Plaintiff's claims are too broad and insufficiently supported to provide defendants with the requisite notice.  Also, while plaintiff may attach exhibits to his complaint he may not expect the court to ferret through them to determine precisely what plaintiff's claims are; plaintiff must set forth colorable allegations within the body of the complaint itself.   Plaintiff fails to even set forth within his allegations the substance of the grievance(s) which he believes he is being wrongly deprived of the ability to pursue.

Second, plaintiff's claims that the defendants have violated state regulations do not, even if adequately supported by sufficient factual allegations which they are not here, on the face of it, rise to the level of, a violation of plaintiff's federal constitutional rights.

Third, plaintiff is informed that prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any

4

substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. <u>Buckley</u>, <u>supra</u>. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[3] Plaintiff's due process claims against these defendants, to the extent he makes such, will be dismissed but plaintiff will be granted leave to amend.

As to his broad-sweeping claim that he is being discriminated against as a black man, plaintiff undercuts this already defectively framed and inadequately factually supported claim by also asserting that the CDCR generally discriminates against "other races," as well. In other words, if other races are being targeted too then there can be no discrimination based on race as to any particular race. To the extent that plaintiff wishes to proceed on a claim of a violation of his equal protection rights on the basis of racial discrimination against him, it is true that "[a]ccording to well established precedent, '[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race.' <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citing <u>Lee v. Washington</u>, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968)); <u>see</u> <u>also</u> <u>Turner v. Safley</u>, 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (noting that "federal courts must take

---

[3] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., <u>Vitek v. Jones</u>, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and <u>Washington</u>, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, <u>supra</u>.

1 cognizance of the valid constitutional claims of prison inmates. Prison walls do not form a
2 barrier separating prison inmates from the protections of the Constitution."). More specifically,
3 'racial segregation, which is unconstitutional outside prisons, is unconstitutional within prisons,
4 save for "'the necessities of prison security and discipline.'" Cruz v. Beto, 405 U.S. 319, 321, 92
5 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (per curiam) (quoting Lee, 390 U.S. at 334, 88 S.Ct. 994)."
6 Johnson v. State of Cal., 207 F.3d 650, 655 (9th Cir. 2000).

Moreover, where a prison policy implicating classification by race is at issue, that policy is subject to strict scrutiny, that is, the prison must demonstrate that any such "policy is narrowly tailored to serve a compelling state interest." Johnson v. California, 543 U.S. 499, 509, 125 S. Ct. 1141, 1148 (2005). However, it is not sufficient to set forth a cognizable claim of racial discrimination in the prison's grievance system by simply asserting that one is being discriminated against, especially where as appears to be the case in this instance, plaintiff seems to be conceding that, at least at one point, he was deemed to be abusing the prison grievance procedure by excessive (and duplicative) filings. Plaintiff must provide some substance to his allegation of racial discrimination. This complaint will be dismissed but plaintiff will be given leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
2    order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
3    amended complaint be complete in itself without reference to any prior pleading. This is
4    because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
5    Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
6    pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
7    original complaint, each claim and the involvement of each defendant must be sufficiently
8    alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: April 28, 2009

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
mill0772.bnf