1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERNEST MILLER,

11            Plaintiff,                    No. CIV S-09-0772 GGH P

12      vs.

13   MIKE MCDONALD, et al.

14            Defendants.            <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the jurisdiction of the undersigned.

18   <u>See</u> Docket # 4.  By <u>Order</u>, filed April 29, 2009 (docket # 6), plaintiff's complaint was dismissed

19   with leave to file an amended complaint.  Plaintiff has filed an amended complaint.  Plaintiff also

20   filed an inapposite motion for summary judgment, which in addition to being premature, wholly

21   fails to comply with the requirements of Fed. R. Civ. P. 56 and Local Rule 56-260, and will be

22   summarily denied.

23          In the order dismissing the original complaint with leave to amend, the

24   deficiencies of the complaint were exhaustively set forth.  <u>See</u> Docket # 6.  Nevertheless, the

25   amended complaint in no way cures the defects of the original.  For example, plaintiff, an

26   African American inmate, continues to allege that he is being discriminated against on the basis

1

1   of his race because his 602 inmate appeals are being rejected beyond the six-month period

2   permitted for restricting the filing of grievances pursuant to Cal. Code Regs. tit.xv, § 3084.4(a),

3   upon a determination of abuse of the grievance filing system.  Amended Complaint (AC), p. 3.

4   The court previously informed plaintiff that while under § 3084.4(a)(3), an inmate who has been

5   found to have abused the prison grievance system may be restricted to one appeal a month for six

6   consecutive months, Cal. Code Regs. tit.xv, § 3084.4(a)(4), immediately following, indicates that

7   the six-month period can be extended for subsequent appeal restriction violations.  Docket # 6, p.

8   3.  Plaintiff claims that the rejection of his March 9, 2009, grievance, the subject of which

9   plaintiff does not reveal, was based on § 3084.4(a)(3), and the grievance restriction is being

10   applied over a period of four years, not six months.  AC, p. 3.  Interestingly, however, although

11   plaintiff does not attach either the grievance or the appeals screening form/rejection notice for the

12   subject 602, plaintiff does submit copies of two rejection notices for grievances with his putative

13   motion for summary judgment.  Each of those notices indicate that the appeal at issue was being

14   rejected due to untimeliness or incompleteness; neither notice references Cal. Code Regs. tit.xv, §

15   3084.4(a)(3).  See Docket # 10, pp. 3, 9.

16          Plaintiff appears to be claiming discrimination based on the fact that he was

17   apparently assessed the loss of personal property for a period of 180 days as part of the discipline

18   arising from plaintiff's having been found guilty of an undescribed offense, although, since

19   plaintiff only submits a page or two of the disciplinary action with his amended complaint, it is

20   difficult to discern.  AC, pp. 6-7.  Plaintiff primarily claims that as a black prisoner he is a

21   member of a protected class and that he has the right to file an appeal, the allegation appearing to

22   center on the alleged rejections of some of his inmate appeals at the earliest stages.  But plaintiff

23   also identifies four director's level decisions, the log numbers of which he lists along with dates,

24   which may or may not be random, to demonstrate that CDCR[1] does not "honor" the appeals of

25

26        [1] California Department of Corrections and Rehabilitation.

1   black prisoners and to show that whether remedies are exhausted or not does not matter.   AC, p.

2   3.  Plaintiff does not provide the substance of any of these grievances or any copies of the appeal

3   decisions.  Of course, assuming the log nos. plaintiff includes represent third, or director's level,

4   appeal denials of some of his own grievances, as he appears to be stating, the fact that they

5   advanced to the director's level undercuts any representation that plaintiff's grievances are not

6   being processed at the initial filing stage.  Nor does plaintiff have a point if the grievances were

7   denied at the third level or even if they were random decisions rendered as to other African

8   American inmates' appeals.  Denials of prison inmate appeals in and of themselves are not an

9   indication of race-based discrimination.   To the extent plaintiff seeks to raise an equal protection

10  claim, he has failed to do so because he has failed to allege facts showing "purposeful,

11  intentional discrimination in the...processing of grievances" by defendants.  Azeez v. DeRobertis,

12  supra, 568 F.Supp. at 10.  And as plaintiff was previously informed:

13          To the extent that plaintiff wishes to proceed on a claim of a
           violation of his equal protection rights on the basis of racial
14          discrimination against him, it is true that "[a]ccording to well
           established precedent, '[p]risoners are protected under the Equal
15          Protection Clause of the Fourteenth Amendment from invidious
           discrimination based on race.' Wolff v. McDonnell, 418 U.S. 539,
16          556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (citing Lee v.
           Washington, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968));
17          see also Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 96
           L.Ed.2d 64 (1987) (noting that "federal courts must take
18          cognizance of the valid constitutional claims of prison inmates.
           Prison walls do not form a barrier separating prison inmates from
19          the protections of the Constitution."). More specifically, 'racial
           segregation, which is unconstitutional outside prisons, is
20          unconstitutional within prisons, save for "'the necessities of prison
           security and discipline.'" Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct.
21          1079, 31 L.Ed.2d 263 (1972) (per curiam) (quoting Lee, 390 U.S.
           at 334, 88 S.Ct. 994)." Johnson v. State of Cal., 207 F.3d 650, 655
22          (9th Cir. 2000).

23          Moreover, where a prison policy implicating classification by race
           is at issue, that policy is subject to strict scrutiny, that is, the prison
24          must demonstrate that any such "policy is narrowly tailored to
           serve a compelling state interest." Johnson v. California, 543 U.S.
25          499, 509, 125 S. Ct. 1141, 1148 (2005).  However, it is not
           sufficient to set forth a cognizable claim of racial discrimination in
26          the prison's grievance system by simply asserting that one is being

discriminated against, especially where as appears to be the case in
this instance, plaintiff seems to be conceding that, at least at one
point, he was deemed to be abusing the prison grievance procedure
by excessive (and duplicative) filings.  Plaintiff must provide some
substance to his allegation of racial discrimination.

Order, at Docket # 6, pp. 5-6.

Plaintiff's allegations of discrimination continue to lack substance.  Under the

Supreme Court's decision in Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937 (2009), the allegations

lack facial plausibility.

Plaintiff has named four defendants, High Desert State Prison Warden Mike

McDonald, as well as three appeals coordinators, all correctional counselors (II), R. Dreith, T.

Robertson, and P. Statti.  Plaintiff was previously advised that:

[P]risoners do not have a "separate constitutional
entitlement to a specific prison grievance procedure." Ramirez v.
Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams,
855 F.2d 639, 640 (9th Cir. 1988). Even the nonexistence
of, or the failure of prison officials to properly implement, an
administrative appeals process within the prison system does not
raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640
(9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495
(8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez
v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison]
grievance procedure is a procedural right only, it does not confer
any substantive right upon the inmates. Hence, it does not give rise
to a protected liberty interest requiring the procedural protections
envisioned by the fourteenth amendment"). Specifically, a failure
to process a grievance does not state a constitutional violation.
Buckley, supra. State regulations give rise to a liberty interest
protected by the Due Process Clause of the federal constitution
only if those regulations pertain to "freedom from restraint" that
"imposes atypical and significant hardship on the inmate in relation
to the ordinary incidents of prison life." Sandin v. Conner, 515
U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[2 Footnote 3].

_____

[2] Footnote 3 in original: "[W]e recognize that States may under certain circumstances
create liberty interests which are protected by the Due Process Clause. See also Board of Pardons
v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be
generally limited to freedom from restraint which, while not exceeding the sentence in such an
unexpected manner as to give rise to protection by the Due Process Clause of its own force, see,
e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital),
and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration
of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in

Order, at Docket # 6, pp. 4-5.

Thus, plaintiff fails to allege colorable due process claims against the defendants.

Moreover, although plaintiff alleges that all four defendants are "knowingly and intentionally" violating state regulations with regard to the 602 grievance process, plaintiff has also been advised that claims that the defendants have violated state regulations "do not ... on the face of it, rise to the level of, a violation of plaintiff's federal constitutional rights." Order, at Docket # 6, p. 4. Plaintiff was informed that this was so even had plaintiff adequately supported such a claim with sufficient factual allegations, something he continues to fail to do in his amended complaint. Plaintiff has failed to raise colorable claims as to any of the defendants. Further, as to defendant McDonald:

> The Civil Rights Act under which this action was filed provides as follows:
>
> > Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed

relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

5

1   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

2   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

3   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

4   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

5   Cir. 1982).

6           In his amended complaint, plaintiff's fails to set forth specific allegations against

7   each of the defendants of violations of his constitutional rights.  As to defendant McDonald,

8   plaintiff does not make any showing of the warden's causal connection to the putative

9   deprivations he claims in this action for money damages.  This amended complaint should be

10  dismissed with prejudice for plaintiff's failure to state a claim despite having had the opportunity

11  to do so.

12          "Under Ninth Circuit case law, district courts are only required to grant leave to

13  amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a

14  complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,

15  Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

16  Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

17  amend even if no request to amend the pleading was made, unless it determines that the pleading

18  could not be cured by the allegation of other facts.").  "[A] district court retains its discretion over

19  the terms of a dismissal for failure to state a claim, including whether to make the dismissal with

20  or without leave to amend."  Lopez v. Smith, 203 F.3d at 1124.   "The district court's discretion

21  to deny leave to amend is particularly broad where plaintiff has previously amended the

22  complaint."  Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir.

23  2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).  In this instance, the

24  court has provided plaintiff with an ample opportunity to amend to state a colorable claim but he

25  has failed to do so and the court cannot discern how any further leave to amend could result in

26  cognizable claims.

1    Accordingly, IT IS ORDERED that:

2         1. The amended complaint is dismissed with prejudice for plaintiff's continued

3    failure to state a claim;

4         2.  Plaintiff's premature, inapposite and otherwise defective motion for summary

5    judgment, filed on July 13, 2009 (docket # 10), is summarily denied; and

6         3.  This case is closed.

7    DATED: September 10, 2009

8
                                   /s/ Gregory G. Hollows
9                                   _____
                                   UNITED STATES MAGISTRATE JUDGE
10
     GGH:009
11   mill0772.dis

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26